LINDEN, APPELLEE, *v.* BATES TRUCK LINES, INC., ET AL., APPELLANTS.

(No. 80-03-0022—Decided January 29, 1982.)

*Messrs. Blum & Greene, Mr. Mike Eagen* and *Mr. James Scheper,* for appellee.

*Messrs. Holbrock, Jonson, Bressler & Houser* and *Mr. George N. Jonson,* for appellants.

*Per Curiam.* This cause came on to be heard upon the appeal, transcript of the docket, journal entries and original papers from the Court of Common Pleas of Butler County, Ohio, transcript of proceedings, briefs and oral arguments of counsel.

Now, therefore, the assignments of error having been fully considered, are passed upon in conformity with App. R. 12(A) as follows:

On December 31, 1974, the appellant, Ray L. Orr, was employed by Bates Truck Lines, Inc. of Lancaster, Ohio, which is also an appellant. At approximately 2:30 p.m., Orr was driving an eighteen wheel tractor-trailer as he was leaving the Inland Container Corporation in Middletown, Ohio. With two semi-trailers partially obstructing his view, the appellant eased his truck out onto Nelbar Avenue from the west side of the street where the parking lot of Inland Container was located. The appellant, upon checking the traffic in the vicinity, pulled his tractor-trailer out onto Nelbar Avenue across the two southbound lanes toward the one northbound lane. As the appellant pulled his vehicle out onto the street, the appellee, Kenneth Roger Linden (who was also driving a tractor-trailer), approached from the north as he was headed southbound on Nelbar.

Evidence was introduced which established that the appellee was somewhere between seventy and one hundred twenty feet from the appellant's truck when he first noticed the truck in the roadway. The evidence also indicated that the appellee was not exceeding the posted speed limit.

The appellant testified on cross-examination that he was "just going across the center line" when he first observed the appellee; and that he then started to push the accelerator to the floor and was hit by the appellee's trailer, at which time he applied the brakes.

As the appellee approached the appellant's truck, he cut to the left, eased off the accelerator, and then applied his brakes in an attempt to avoid the appellant's truck. It had been raining throughout the day, the road surface was wet and when the appellee applied his brakes, his truck jackknifed. The tractor portion of his vehicle crossed into the left or northbound lane, striking the curb on the opposite side of the street while the trailer portion of his vehicle swung around to the right with the right rear portion of his trailer striking the appellant's trailer.

The appellant Orr was then cited by Officer Don Wallace of the Middletown Police Department for failure to yield. Eventually, Orr went to the city building with Officer Wallace. There was conflicting testimony as to what happened at the city building. Officer Wallace testified that the appellant was told by Mr. Rossi, the Director of the Middletown Municipal Court, that he could either pay a fifty-dollar bond and appear in traffic court, or plead "guilty" and pay an eighteen dollar fine and have the whole matter disposed of. Meanwhile, the appellant testified that he did not pay the eighteen dollar fine with the understanding that he was pleading guilty, but only paid it so that he would not have to appear in court at a later date.

The appellee then filed suit against the appellants for his injuries. He alleged that the appellant, Ray L. Orr, was negligent in the operation of the tractor-trailer truck. The appellants then counterclaimed for injuries and the case was tried before a jury. The jury returned a verdict for the appellee in the amount of twenty thousand dollars. The appellants have timely appealed.

The appellants cite two assignments of error. They are as follows:

"First Assignment of Error:

"It was error for the court to admit evidence that Ray Orr had plead [*sic*] 'guilty' when in fact no such 'guilty' plea was entered and the actual transaction involved an eighteen dollar ($18.00) payout in front of a director of the municipal court.

"Second Assignment of Error:

"The court erred in its instructions on assured clear distance and such error prejudiced the defendant."

The appellants in their first assign-

ment of error contend that the trial court erred by admitting testimony that the appellant, Ray Orr, pled guilty to a charge of failure to yield as they contend that no guilty plea had ever been entered. The appellee, meanwhile, contends that it was proper for the trial court to admit evidence that the appellant pled guilty because this constituted evidence of an admission against the appellant's interest. The trial court concluded that it was for the jury to determine what actually happened and gave the following charge to the jury:

"Now in this case it is claimed by the plaintiff that the defendant, Ray Orr, entered a plea of guilty in the Middletown Municipal Court, Middletown, Ohio, to the charge of failure to yield the right of way. The defendant, Ray Orr, denies that he entered said guilty plea and that he merely paid a small fine to keep from coming back to Middletown Municipal Court at a later date. Now the court tells you that if you find by the greater weight of the evidence or the preponderance of the evidence that the defendant, Ray Orr, pled guilty to the charge of failure to yield the right of way, then you will consider that plea of the defendant as a declaration against interest in determining whether he is guilty of negligence in this respect. But if you conclude that such is not proved then you will not consider the fact that the record showed he pled guilty as going to the question of negligence."

R.C. 1.16 provides that:

"Anyone injured in person or property by a criminal act may recover full damages in a civil action, unless specially excepted by law. No record of a conviction, *unless obtained by confession in open court,* shall be used as evidence in a civil action brought for such purpose." (Emphasis added.)

Thus, the question is whether or not the appellant's plea, if any, in the municipal court, was made in open court. Traf. R. 13, as it now exists, provides for a traffic violations bureau. The rule provides that the court shall appoint the clerk as the violations clerk, or if there is no clerk, the court shall appoint any appropriate person to serve in that capacity. The violations bureau is then required to "accept appearance, waiver of trial, plea of guilty and payment of fine and costs for offenses within its authority." This rule, or a similar rule, was in effect at the time of the appearance of the appellant before Rossi. The question then is whether or not this is an appearance in open court. It is our view that "open court" means that court is in session and the judge is on the bench. The record indicates that the appellant's appearance was before Rossi, not the judge. Therefore, we conclude that there is a failure to comply with R.C. 1.16.

The next question is whether or not the Traffic Rules supersede any statute which appears to be in conflict with those rules. There is no question that the Rules of Civil Procedure, the Rules of Criminal Procedure, the Rules of Evidence, and the Rules of Juvenile Procedure supersede any conflicting statute. However, those rules were adopted pursuant to the authority given in Section 5(B), Article IV, of the Ohio Constitution and that section provides in part that:

"All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

However, the Traffic Rules were adopted by the authority granted by statute; and they do not have the same force or effect as the rules adopted pursuant to Section 5, Article IV of the Ohio Constitution. Therefore, R.C. 1.16 remains in effect and only those pleas made in compliance therewith are admissible into evidence. However, the testimony of Officer Wallace indicates that the appellant was properly advised as to the consequences of his act in disposing of his citation at that time. Therefore, it appears that little else would have been accomplished had the appellant appeared in

open court. Nevertheless, the admission into evidence of the action in the municipal court and the instructions to the jury on the subject of the plea of guilty constitute error.

We must then ask whether or not this is prejudicial error. An examination of the record and particularly of the appellant's testimony on cross-examination convinces us that the record contains abundant evidence from which the jury could have concluded that the negligence of the appellant was the sole proximate cause of the injuries to the appellee. Thus, the error committed by the court by permitting the introduction of evidence on the subject of the guilty plea and in making reference to that plea in the instructions to the jury, is harmless error. Therefore, the appellants' first assignment of error is overruled.

In his second assignment of error, the appellant contends that the trial court failed to give a proper jury instruction on assured clear distance as it relates to negligence *per se*. Specifically, he claims that the court refused to charge the jury that if the assured clear distance rule applied and was violated, then the jury must find the appellee negligent as a matter of law.

After reviewing the record, we find that the instructions given by the court, although they could have been more explicit, were certainly sufficient to properly inform the jury of the law of assured clear distance. We find that the jury was informed that "no motorist may operate a vehicle at a greater speed than will permit him to bring it to a complete stop within the assured clear distance ahead." The jury was then informed of the definition of assured clear distance ahead, and was told the effect that a sudden emergency had on the driver's duty in terms of the assured clear distance rule.

As to the appellant's specific complaint that the jury wasn't informed that a violation of the assured clear distance rule constituted negligence *per se,* we find there to be no error.

While the instructions did not specifically mention, after the definition of assured clear distance, that a violation of this statute constituted negligence *per se,* the court immediately preceding its definition adequately informed the jury of the meaning of negligence and contributory negligence. From the juxtaposition of the instructions as to negligence and assured clear distance, it is then logical to conclude that the jury was adequately informed of the appellee's responsibility under the assured clear distance statute and of his possible responsibilities if the jury found he had violated this statute.

Although it may have been better practice to follow those instructions suggested in Ohio Jury Instructions, there is no requirement that these are the instructions which must be used. Thus, if the jury is adequately informed of the law, the jury instructions are proper regardless of the word order selected by the trial judge.

Therefore, there was no error in the court's instruction of assured clear distance and the appellants' second assignment of error is overruled.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

CASTLE, P.J., HENDRICKSON and KOEHLER, JJ., concur.