OPINION
Tyrone Ware is appealing from his conviction of one count of aggravated arson, a violation of R.C. 2909.02(A)(1), which prohibits a person by means of fire or explosion to knowingly create a substantial risk of serious physical harm to another person. The crime is a felony in the first degree, and Ware was sentenced to the minimum term of incarceration, three years, and no fine was assessed.
Ware was originally charged with eight counts of aggravated arson, but during a conference in the trial judge's chambers, with only Ware appearing pro se and a prosecutor present with the judge, Ware was given the opportunity by the prosecutor to plead guilty or no contest to just one count with the recommended minimum sentence of three years. The judge promised Ware that he would sentence him to only the three years if he pled guilty or no contest to the one count. Ware accepted the bargain. The conference in the court's chambers was videotaped, and a transcript was subsequently made from the tape and supplied to us on this appeal. Ware had early in the proceedings been referred for a competency examination. The court had received the report, and at the beginning of the in-chambers meeting, the court ruled that Ware was competent to stand trial, and that, in fact, trial was scheduled for him the following Monday. (The conference was held on a Tuesday). The only reference during the entire in-chambers conference to Ware's pro se status is the following:
 THE COURT: Okay. Uh, and we're going to arrange for you to go to trial next Monday. You still want to do this on your own?
MR. WARE: Yes.
 THE COURT: Okay. I'm going to have a lawyer in the courtroom. You can use him or not use him. Uh, but he will not do anything that you don't ask him to do. You understand that?
MR. WARE: [Nods affirmatively].
THE COURT: Yes?
MR. WARE: [Nods affirmatively].
Tr. 2
After Ware accepted the plea bargain, the court administered the entire Crim.R. 11 procedure and had him sign a written plea form. Ware then waived a presentence report, and the court found him guilty and sentenced him accordingly.
In his pro se brief, Ware brings to us the following four assignments of error:
 (A) Appellants [sic] conviction should be reversed, based upon the Courts [sic] participation within [sic] the negotiations of Plea Bargaining pursuant to Criminal Rule II(A)(B)(C)(F).
 (B) The Trial Court erred/abused it's [sic] discretion in sentencing Appellant without appointed Counsel for representations during the sentencing phase.
 (C) The Trial Court erred in denying the Appellant his right to the 6th, 13th, and 14th amendment to the Due Process Clause of the U.S. Constitution.
 (D) The Trial Court erred in it's [sic] failure to precisely follow the Ohio Rules Of Criminal Procedure., Appellee State of Ohio did not file a brief.
It is unnecessary to discuss these four assignments in detail because it is quite apparent from the record that two fundamental errors occurred at the trial level which require that Ware's conviction be reversed and his sentence vacated. Crim.R. 44(C) requires that waiver of counsel "shall be in open court" and, "In addition, in serious offense cases the waiver shall be in writing." There is no written signed waiver in the record of this case. This rule is enforced to the letter by the courts of Ohio. See our decision, e.g., State v. Dyer (Dec. 31, 1996), Greene App. No. 96 CA 39, unreported.
The second error occurred when the spoken waiver was made only in an in-chambers conference and not in open court. The term "open court" means that court is in session, and that the judge is on the bench. Linden v. Bates Truck Lines, Inc. (1982), 4 Ohio App.3d 178. This court itself has stated that "according to custom and usage, [in open court] means during a public proceeding conducted on the record after notice and an opportunity to be heard has been given to all parties whose rights are or may be affected thereby." State v. Grooms (Apr. 25, 1997), Montgomery App. No. 16002, unreported, at 1. The First District Court of Appeals has recently pointed out that: "An open courtroom is necessary to preserve and support the fair administration of justice because it encourages witnesses to come forward and be heard by the public, discourages perjury by the witnesses, and ensures that the judge and prosecutor will carry out their duties properly." State v. Sanders (1998), 130 Ohio App.3d 92-96, 97, citing State v. Lane (1979), 60 Ohio St.2d 112, 14 O.O.3d 342. Furthermore, a criminal defendant is not required to show a specific prejudice to obtain relief from the constitutional violation. State v. Sanders, supra.
The judgment is reversed, the sentence is vacated, and the matter is remanded to the trial court for further proceedings consistent with the opinion.
BROGAN, J., concurs.