[Cite as *State v. Pendleton*, 2011-Ohio-2024.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | Case Nos. 10 CA 81 and 10 CA 82 |
| RAYMOND PENDLETON | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING: Criminal Appeal from the Court of Common Pleas, Case Nos. 2008 CR 426 and 2008 CR 498

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: April 25, 2011

APPEARANCES:

For Plaintiff-Appellee

BRIAN T. WALTZ
ASSISTANT PROSECUTOR
20 South Second Street, 4th Floor
Newark, Ohio 43055

For Defendant-Appellant

ELIZABETH GABA
1231 East Broad Street
Columbus, Ohio 43205

*Wise, J.*

{¶1}   Defendant-Appellant Raymond Pendleton appeals the July 16, 2010, decision of the Licking County Common Pleas Court.

{¶2}   Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE CASE AND FACTS

{¶3}   The undisputed facts are as follows:

{¶4}   On June 27, 2008, the State of Ohio obtained a nine-count indictment against Defendant-Appellant Raymond Pendleton, along with a forfeiture specification and attached firearm specification. (Case No. 2008CR426). Appellant was charged with five counts of trafficking in crack cocaine (two first degree felonies, two second degree felonies and one third degree felony), one count of trafficking in cocaine (F3), one count of possession of crack cocaine (F3), one count of engaging in a pattern of corrupt activity (FI), and one count of possession of marijuana (MM).

{¶5}   On July 25, 2008, the State obtained a two-count indictment against Appellant for Intimidation (F3) and Retaliation (F3) (Case No. 2008CR498).

{¶6}   As set forth in a Judgment Entry filed January 14, 2009, in Case No. 2008CR426, Appellant entered into an agreement with the State of Ohio where he agreed to withdraw his former pleas of not guilty and plead guilty to Counts 1, 2, 3, 4 and 5 and also accept the forfeiture specification. In exchange, the State agreed to dismiss counts 6, 7, 8, 9, and the gun specification with no recommendation as to sentence.

{¶7}   In further trade for the pleas of guilty, the State also agreed to dismiss count 1 in case number 2008CR498.

{¶8} On January 14, 2009, Appellant was sentenced in Case No. 2008CA426 to two years on Count 1, three years on Count 2, three years on Count 3, one year on Count 4, and two years on Count 5, to run consecutively, for a total of 11 years in prison.

{¶9} In Case No. 2008CR498, Appellant was sentenced to three years on the Retaliation charge, to run concurrent to his sentence in Case No. 2008CR426.

{¶10} On March 27, 2009, Appellant filed two Notices of Appeal in Case No. 2008CR426 (Case Nos. 2009CA36 and 2009CA37)[1] Appellant also filed a Notice of Appeal in Case No. 2009CA498 (Case No. 2009CA38), with a Motion for Leave to File a Delayed Appeal. This Court granted the Motion for Leave on May 11, 2009.

{¶11} On October 8, 2009, Appellant filed a Motion to Stay the Appeal Proceedings and for a Limited Remand with this Court, based on the State's failure to file a motion to dismiss Counts 6, 7, 8, and 9 and the gun specification in Case No. 2009CR426. The State also had never moved to dismiss Count 1 in 2008CR498.

{¶12} On October 26, 2009, this Court dismissed the appeals of 2008CR426 and 2008CR498, finding that this Court lacked subject matter jurisdiction, as the Judgment Entries in the underlying cases were not final appealable orders.

{¶13} On October 8, 2009, Appellant also filed in the trial Court, in Case Nos. 2008CR426 and 2008CR498, Defendant's Motion for a Final Appealable Order Pursuant to *State ex rel Culgan v. Medina Cty. Court of Common Pleas*, 119 Ohio St.3d 535, 2008-Ohio-4699 and for a Correction of Sentence Pursuant to R.C. §2929.191.

{¶14} On October 28, 2009, the State filed a response.

---

[1] As the trial court filed both a Sentencing Entry and a Nunc Pro Tunc Sentencing Entry, Appellant filed separate appeals from each Entry.

{¶15}  On October 30, 2009, the State filed a Motion to Dismiss pursuant to the plea agreement.

{¶16}  By Journal Entry filed October 30, 2009, the trial court dismissed counts 6, 7, 8, and 9 and the gun specification in 2008CR426, and Count 1 in 2008CR498.

{¶17}  On July 16, 2010, the trial court denied Defendant-Appellant's Motion for a Final Appealable Order in both cases.

{¶18}  Appellant now appeals, raising the following assignments of error:

## ASSIGNMENTS OF ERROR

{¶19}  "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT'S SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION BY SUMMARILY DISMISSING THE APPELLANT'S "MOTION FOR A FINAL APPEALABLE ORDER". THERE IS NO VALID "FINAL ORDER" IN THE APPELLANT'S CRIMINAL CASES 426 AND 498.

{¶20}  "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT'S SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION BY SUMMARILY DISMISSING THE APPELLANT'S "MOTION FOR A FINAL APPEALABLE ORDER". THE STATE DID NOT DISPOSE OF APPELLANT'S REMAINING COUNTS IN OPEN COURT, THUS, THEY REMAIN PENDING AND THERE IS NO FINAL APPEALABLE ORDER.

**{¶21}** "III. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT'S SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION BY FAILING TO PREPARE AND JOURNALIZE A FINAL ENTRY WITHIN THIRTY DAYS IN VIOLATION OF RULE 7 OF THE RULES OF SUPERINTENDENCE, CIVIL RULE 58, AND CRIMINAL RULE 32. APPELLANT IS ENTITLED TO BE DISCHARGED FROM IMPRISONMENT.

**{¶22}** "IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT APPELLANT, AS IT WAS WITHOUT AUTHORITY TO SENTENCE THE DEFENDANT TO FIVE YEARS OF POST RELEASE CONTROL, AS SUCH, SAID SENTENCE IS VOID AS A MATTER OF LAW AND MUST BE CORRECTED UNDER R.C. §2929.191."

**I.**

**{¶23}** In Appellant's first assignment of error, Appellant argues that the trial court erred in denying his motion for a final appealable order in Case Nos. 2008CR426 and 2008CR498.  We disagree.

**{¶24}** Appellant herein argues that because the entry dismissing Counts 6, 7, 8, 9, and the firearm specification in Case No. 2008CR426 and Count 1 in Case No. 2008CR498 is separate from his sentencing entry, his sentencing entry does not constitute a final  appealable order.

**{¶25}** "A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon

which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court. (Crim.R. 32(C), explained.)"

**{¶26}** We have examined Appellant's Sentencing Entry and find it meets the above requirements of Crim.R 32(C).

**{¶27}** The Ohio Supreme Court, in *State ex rel. Davis v. Cuyahoga County Court of Common Pleas*, 127 Ohio St.3d 29, 2010-Ohio-4728, stated:

**{¶28}** "[O]ur holding in *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus, "requires a full resolution of those counts *for which there were convictions*. It does not require a reiteration of those counts and specifications for which there were no convictions, but were resolved in other ways, such as dismissals, nolled counts, or not guilty findings." (Emphasis added.)"

**{¶29}** Based on the foregoing, we find that because the entry dismissing the other counts was not a sentencing entry or entry of conviction, it did not have to be made part of the sentencing entry.

**{¶30}** Once the trial court disposed of the remaining counts by Judgment Entry, Appellant's Judgment Entry of conviction became a final appealable order. Accordingly, we do not find error in the trial court's refusal to prepare a new sentencing order for Appellant.

**{¶31}** Based on the foregoing, we find Appellant's first assignment of error not well-taken and hereby overrule same.

**II.**

**{¶32}**  In his second assignment of error, Appellant argues that the trial court erred in not dismissing Counts 6, 7, 8, 9, and the firearm specification in Case No. 2008CR426 and Count 1 in Case No. 2008CR498 in open court.  We disagree.

**{¶33}**  In support, Appellant cites Crim.R. 48(A) and R.C. §2941.33.

**{¶34}**  Initially, we note that R.C. §2941.33 concerns a prosecutor's dismissal, or nolle prosequi, rather than a trial court dismissal.

**{¶35}**  R.C. § 2941.33 states:

**{¶36}**  "The prosecuting attorney shall not enter a nolle prosequi in any cause without leave of the court, on good cause shown, in open court. A nolle prosequi entered contrary to this section is invalid."

**{¶37}**  Similarly, Crim.R. 48(A) provides:

**{¶38}**  "The state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate."

**{¶39}**  "[T]he term 'open court' means that court is in session and the judge is on the bench." *State v. Monroe,* (June 14, 2000) 4th Dist. No. 99CA632, (citing *Linden v. Bates Truck Lines Inc.,* (1982) 4 Ohio App.3d 178, 180, 446 N.E.2d 1139).

**{¶40}**  Upon review, we find Appellant's reliance on the above rule and statute to be misplaced. The above rules and statutes were enacted to curb unlimited discretion by the prosecutor's office to enter a nolle prosequi without any court involvement. (See Advisory Committee Notes to Fed.Crim.R. 48(A). See, also, Restatement of the Law,

Contracts (1932), Section 549 (the prosecutor can bargain to recommend dismissal but not to secure dismissal)).

{¶41} In the instant case, as evidenced by the January 14, 2009, sentencing entry, the prosecutor did move to dismiss the subject counts in open court at Appellant's sentencing hearing on March 24, 2009. (T. at 40-41). We further find that Appellant cannot demonstrate any prejudice as to the dismissal of the subject counts as such was part of the negotiated plea agreement reached by the parties and that the dismissal of these charges was to the benefit of Appellant. No confusion exists as to the trial court's reason for dismissal of the charges.

{¶42} Appellant's second assignment of error is overruled.

### III.

{¶43} In his third assignment of error, Appellant argues that the trial court failed to journalize a final entry within thirty days and that such failure violated his substantive and procedural due process rights. We disagree.

{¶44} In support of this assignment of error, Appellant cites Rule 7 of the Rules of Superintendence for the Courts of Ohio, which provides:

{¶45} "(A) The judgment entry specified in Civil Rule 58 and in Criminal Rule 32 shall be filed and journalized within thirty days of the verdict, decree, or decision. If the entry is not prepared and presented by counsel, it shall be prepared and filed by the court.

{¶46} Again, we find Appellant's reliance misplaced as these Rules are not rules of practice and procedure and create no substantive rights. The Rules of Superintendence are intended only to serve as guidelines for the courts of Ohio, and

are not intended to create substantive rights on the part of the individual litigants in a case. *State v. Mahoney* (1986), 34 Ohio App.3d 114, 517 N.E.2d 957; *State v. Cornwell,* 7th Dist. No. 00-CA-217, 2002-Ohio-5177. Ohio Sup.R. 40(A)(2) and (3).

**{¶47}** Upon review, we find that in the instant case, the sentencing entry was in fact timely filed. It was the motion to dismiss the remaining counts which should have been filed earlier. Further, once the trial court received the motion to dismiss, it put its entry on dismissing the remaining counts the same day.

**{¶48}** Appellant's third assignment of error is overruled.

**IV.**

**{¶49}** In his fourth assignment of error, Appellant argues that the trial court erred in sentencing him to five years of post release control. We disagree.

**{¶50}** Appellant claims that his sentence improperly imposes post release control and is therefore void.

**{¶51}** Upon review, we find that the trial court properly advised Appellant that he was subject to a term of five years of post-release control both before and after sentencing.

**{¶52}** Appellant's fourth assignment of error is overruled.

**{¶53}** For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is affirmed.


By: Wise, J.

Farmer, P. J., and

Edwards, J., concur.


_____

_____

_____

                                    JUDGES

JWW/d 0407

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RAYMOND PENDLETON | : | |
| | : | |
| Defendant-Appellant | : | Case Nos. 10 CA 81 & 10 CA 82 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.

Costs assessed to Appellant.


_____

_____

_____

JUDGES