[Cite as *State v. Lenard*, 2013-Ohio-1995.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99149

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RICHARD LENARD

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-463837

**BEFORE:** Celebrezze, J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 16, 2013

**FOR APPELLANT**

Richard Lenard, pro se
Inmate No. 570-627
Noble Correctional Institution
15708 McConnelsville Road
Caldwell, Ohio   43724


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Katherine Mullin
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Appellant, Richard Lenard, appeals from the dismissal of a single count of an indictment made after conviction and sentence. He seeks to withdraw his guilty plea based on an error the trial court made during sentencing. As part of a plea colloquy, the trial court advised appellant that one of the charges, telecommunications fraud, was a fourth-degree felony punishable by up to 18 months in prison. However, during sentencing, the trial court stated this charge was a third-degree felony and imposed a three-year prison term. The case then wound its way through a tortured appellate history, spawning various appeals, writs, and attempts to correct this error.[1] In a final attempt to remedy the situation, the trial court, at the state's request, dismissed this count pursuant to Crim.R. 48(A). After a thorough review of the record and law, we affirm the trial court's action.

## I. Factual and Procedural History

{¶2} Appellant engaged in a criminal scheme of fraud involving real property. His scheme involved three properties in northern Ohio. In one instance, he received title to a home in Shaker Heights owned by an elderly woman who was living in a nursing home. Title was transferred by a young woman using a forged power of attorney. Appellant then sold off the entire contents of the home and leased the premises, engaging

---

[1] For a more detailed description of this history, see *State v. Lenard*, 8th Dist. No. 95317, 2011-Ohio-1571, ¶ 6-19.

in another scheme to defraud U.S. taxpayers involving federal housing assistance. The home suffered significant damage before a son of the elderly woman realized someone was living in the residence and alerted authorities.

{¶3} On December 7, 2005, appellant agreed to plead guilty to an amended indictment that included four third-degree felony counts and four fourth-degree felony counts. The court imposed concurrent three-year terms of incarceration on each third-degree felony, to be served consecutively to four concurrent one-year terms of incarceration on each fourth-degree felony. However, the court made an error regarding a count of telecommunications fraud in violation of R.C. 2913.05 — Count 15. At the plea hearing, Count 15 was amended to a fourth-degree felony, to which appellant agreed to plead guilty. At sentencing, the court imposed a three-year sentence on Count 15 when a fourth-degree felony was punishable by a maximum of 18 months. Appellant did not perfect a timely appeal from his sentence, but was granted judicial release on March 20, 2007. On April 3, 2006, the trial court issued a "corrected entry," which amended appellant's sentence to reflect a one-year prison term on Count 15.

{¶4} Appellant has been unable to abide by the conditions of his release or the laws of this state and has been convicted in several other cases. Appellant instituted an appeal from the imposition of prison for violations of conditions of release, which was affirmed by this court in *State v. Lenard*, 8th Dist. No. 93373, 2010-Ohio-81 ("*Lenard I*").

**{¶5}** The trial court recognized the problem with appellant's sentence on Count 15 and its insufficient attempt to fix it, and attempted to further correct it on March 13, 2012, by issuing nunc pro tunc orders changing the plea and sentencing entries to reflect that Count 15 was a third-degree felony to which appellant agreed to plead guilty. Appellant perfected an appeal from this amendment. After the appeal was filed, the state also filed a motion to dismiss Count 15 altogether. The trial court granted the state's motion to dismiss with prejudice on April 30, 2012, while the appeal was pending. This court vacated those entries as well as the April 3, 2006 "corrected entry" based on the trial court's lack of jurisdiction while an appeal was pending and the trial court's inability to use a nunc pro tunc entry to change an order to something that did not actually reflect what occurred during the proceedings. *State v. Lenard*, 8th Dist. Nos. 98212 and 98362, 2012-Ohio-4603 ("*Lenard III*"). On remand, the state again moved to dismiss Count 15 on October 22, 2012. The trial court granted the motion the same day. Appellant then perfected a pro se appeal from that dismissal assigning four errors and a question:

> I. The trial court lacked jurisdiction to modify the final sentence by dismissing Count (15) of the indictment post conviction in violation of Crim.R. 43(A) because Count (15) was part of appellant's plea agreement. Count 15 was ran concurrent to Counts (1), (6), (11), and (31) but consecutive to Counts (18), (35) and (37).
> II. The trial court erred to the prejudice of the appellant when it refused to let appellant respond or file an objection to the state's motion to dismiss Count (15) of the indictment pursuant to Crim.R. 48. This prejudiced appellant from building a record for appeal.
>
> III. The trial court has a duty to void the entire plea agreement to correct the void judgment.

IV. The dismissal of Count 15 and the state's previous attempts to correct the error demonstrates the December 7, 2005 plea agreement and March 16 sentence is void abinitio [sic]. The trial court lacked jurisdiction to sentence appellant to consecutive sentences in CR-05-468589, CR-08-508101 & CR-10-533654 predicated on the void judgment.

V. Appellant requests a determination as to what point did the plea and sentence become void.

## II. Law and Analysis

{¶6} Appellant's fifth assignment of error is not appropriate because it does not allege an error below. Therefore, it will not be addressed by itself, but will be answered in the discussion of other assigned errors. Appellant's fourth assignment of error takes issue with consecutive sentences imposed in other cases. These sentences are not properly before this court because they do not appear in the journal entry appealed from. Therefore, this assigned error will not be addressed. The other assigned errors will be addressed out of order.

## A. Withdrawal of Plea

{¶7} In appellant's third assignment of error, he alleges that the trial court must allow him to withdraw his plea because the "judgment" is void. However, appellant takes contrary positions in his brief. In his first assignment of error, he argues that the trial court could not reconsider the final order of conviction by dismissing Count 15. Later, he asserts that his guilty pleas and sentences are void and must be vacated.

{¶8} Appellant is partially correct. The trial court's sentence as to Count 15 only is void. This is because "[n]o court has the authority to impose a sentence that is contrary to law." *State v. Fischer*,128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332,

¶ 23, citing *Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964). The Ohio Supreme Court has determined that

> void sentences are not precluded from appellate review by principles of res judicata and may be reviewed at any time, on direct appeal or by collateral attack. We further hold that although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.

*Id.* at ¶ 40. Therefore, according to *Fischer*, appellant's sentence relating to Count 15 is void and may be attacked at any time.

{¶9} However, because appellant has previously argued the validity of his pleas and other portions of his sentence, res judicata precludes vacation of the entire plea or sentence. Appellant previously moved the trial court to allow him to withdraw his pleas on June 8, 2010. There, he did not raise the issues he now argues, but instead asserted that the state committed discovery violations and that he generally "did not understand the nature of the charges against him and did not understand the effect of his guilty plea." *State v. Lenard*, 8th Dist. No. 95317, 2011-Ohio-1571, ¶ 18 ("*Lenard II*"). The arguments he now makes are not newly discovered nor were they otherwise unknown during his previous attempt to withdraw his pleas and prior appeals. Therefore, res judicata prohibits withdrawal now. *State v. Jackson*, 8th Dist. No. 97809, 2012-Ohio-4280, ¶ 20.

{¶10} Only issues relating to the sentence imposed on Count 15 may properly be addressed in this appeal. Appellant could have appealed from his plea and sentence in a timely manner, but chose not to do so. He now attacks that plea based on arguments that

his sentence is void. However, *Fischer* counsels against this approach. Appellant's means of conviction, including his guilty pleas, are settled. *Id*. at ¶ 40. And because a proper sentence imposed on Count 15 fixes any issues with the plea, only the void portion of his sentence is left to be attacked in this appeal.

{¶11} In a more normal situation, this court would vacate the sentence on Count 15 and remand for resentencing as to this count only. However, the state requested this count be dismissed, and the trial court granted that request with prejudice pursuant to Crim.R. 48(A).

### B. Dismissal of Count 15

{¶12} Appellant argues in the first assignment of error that the trial court lacked authority to dismiss a count of the indictment after final adjudication.

{¶13} Crim.R. 48(A) provides, "The state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate." "'[T]he term "open court" means that court is in session and the judge is on the bench.'" *State v. Pendleton*, 5th Dist. Nos. 10 CA 81 and 10 CA 82, 2011-Ohio-2024, ¶ 39, quoting *State v. Monroe*, 4th Dist. No. 99CA632, 2000 Ohio App. LEXIS 2745 (June 14, 2000), citing *Linden v. Bates Truck Lines Inc.*, 4 Ohio App.3d 178, 180, 446 N.E.2d 1139 (12th Dist.1982).

{¶14} Further, "a dismissal or nolle with prejudice pursuant to Crim. R. 48(A), as in Crim. R. 48(B), may only be entered where there is a deprivation of a defendant's constitutional or statutory rights, the violation of which would, in and of itself, bar further

prosecution." *State v. Dixon*, 14 Ohio App.3d 396, 397, 471 N.E.2d 864 (8th Dist.1984), citing *State v. Sutton*, 64 Ohio App.2d 105, 411 N.E.2d 818 (9th Dist.1979). Here, this is not an issue because jeopardy attached once appellant pled guilty and was sentenced. Retrial on the dismissed charge would itself be a constitutional violation. Therefore, we review the trial court's order dismissing Count 15 for an abuse of discretion. *State v. Neely*, 11th Dist. No. 2004-L-197, 2005-Ohio-7045, ¶ 42. An abuse of discretion connotes that the trial court's decision was unreasonable, unconscionable, or arbitrary. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶15} In *Pendleton*, the state dismissed charges after a defendant entered guilty pleas to those charges, among others, and after sentence was imposed. As part of the plea agreement, the charges in question were supposed to be dismissed by the state. The trial court failed to dismiss or impose sentences on these counts. After the appellate court dismissed Pendleton's previous appeal for lack of a final, appealable order because the journal entries did not resolve all charges against him, the state filed for dismissal of these counts and the trial court granted that motion the same day it was filed. The Fifth District found that appellant could not demonstrate any prejudice as to the dismissal of the subject counts because they were part of the negotiated plea agreement reached by the parties, and the dismissal of these charges benefitted appellant.

{¶16} The *Pendleton* court went on to examine the justification of the "open court" requirement in Crim.R. 48(A)[2] and noted, "[t]he above rules and statutes were enacted to

_____

2 R.C. 2941.33 is substantially similar to the rule, stating "[t]he prosecuting

curb unlimited discretion by the prosecutor's office to enter a nolle prosequi without any court involvement." *Pendleton* at ¶ 40, citing Advisory Committee Notes to Fed.Crim.R. 48(a); Restatement of the Law, Contracts, Section 549 (1932) (the prosecutor can bargain to recommend dismissal but not to secure dismissal).

{¶17} In *Pendleton*, the state moved to dismiss the offending counts at a March 24, 2009 sentencing hearing in open court. However, the charges were not dismissed until the state filed a written motion to dismiss on October 30, 2009, which was not done in open court and was granted the same day. In the present case, the state simply filed a motion with the court and never did so in open court. This is an important distinguishing factor as the rule and statute requires a dismissal to be done in open court. Crim.R. 48(A); R.C. 2941.33.

{¶18} The *Pendleton* court went on to engage in an analysis of prejudice experienced by Pendleton from the dismissal. It determined that he benefitted and therefore found no grounds to vacate the trial court's dismissal. *Id*. at ¶ 41.

{¶19} The trial court used a similar procedure, although unusual, that was sanctioned by the Fifth District in *Pendleton*. The lack of any prejudice to appellant that could result from dismissal of a count of the indictment leads this court to the same conclusion. Also, the fact that the dismissal was not made in open court with appellant's presence does not impact this finding. Appellant benefits from this dismissal in that he

---

attorney shall not enter a nolle prosequi in any cause without leave of the court, on good cause shown, in open court. A nolle prosequi entered contrary to this section is invalid."

has one fewer conviction. The fact that it was not made in open court and outside appellant's presence, under these circumstances, does not change this court's holding.

## C. Time to Respond

{¶20} Appellant claims in his second assignment of error that he suffered prejudice when the trial court granted the state's motion to dismiss Count 15 without providing him with an opportunity to respond. He claims this prevented him from establishing a sufficient record on appeal. Appellant's claims rest on his belief that the plea agreement is void. This, as explained above, is incorrect. The plea agreement and plea colloquy were appropriate, and appellant knowingly, voluntarily, and intelligently entered into the agreement after a full colloquy. This court has already spoken on this issue in *Lenard II*. The only infirmity was the trial court's mistake in grouping Count 15 with the third-degree felonies appellant was sentenced on rather than the other fourth-degree felonies. This problem was corrected by the dismissal of Count 15, and such a dismissal does not deprive appellant of a chance to create a record for appeal or an opportunity to withdraw his plea. This is because "when an appellate court concludes that a sentence imposed by a trial court is in part void, only the portion that is void may be vacated or otherwise amended." *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 28; *State v. Benjamin*, 4th Dist. No. 10CA3378, 2011-Ohio-5699, ¶ 15.

{¶21} Here, appellant benefitted from the dismissal of Count 15 by having one less conviction. Any response by him would have had no effect on the trial court's decision

to dismiss this count. It enured a benefit to appellant, and he can show no prejudice as a result of having one fewer criminal conviction.

### III. Conclusion

**{¶22}** The trial court made an error at sentencing, which it has tried to correct for more than six years. Probably exasperated at the slew of litigation that has resulted, the state sought to simply dismiss the offending count rather than go through another attempt at resentencing appellant. The labyrinthine procedural history demonstrates that this case is unique, and this decision may well be limited to these facts, but in this instance, the trial court did not err in granting the state's motion to dismiss Count 15 of the indictment with prejudice. Appellant was not entitled to withdraw his pleas according to res judicata when this court, in *Lenard II*, found that the plea colloquy was valid and appellant's pleas were entered knowingly, intelligently, and voluntarily. Appellant was correctly informed about the nature of the charges against him, the penalties involved, and the rights he was giving up. The error occurred at sentencing, and resentencing on Count 15 alone is the appropriate remedy in this case. However, because this count was dismissed with prejudice, no sentence remains or can be imposed. As a result, appellant's sentence is unchanged based on the other convictions that remain.

**{¶23}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR