[Cite as *State v. Hammond*, 2015-Ohio-4156.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JAMES L. HAMMOND | : | Case No. 15CA02 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Mount Vernon
Municipal Court, Case No.
14TRC1696A-B

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      October 5, 2015

APPEARANCES:

For Plaintiff-Appellee

P. ROBERT BROERN, JR.
Mount Vernon City Law Director
5 N. Gay Street, 2nd Fl.
Mount Vernon, OH 43050

For Defendant-Appellant

DAVID H. BIRCH
STUART A. BENIS
286 Liberty Street
Powell, OH 43065

*Gwin, P. J.*

{¶1}   Appellant James L. Hammond ["Hammond"] appeals a judgment of the Mount Vernon Municipal Court convicting him of operating a motor vehicle under the influence of alcohol (R.C. 4511.19(A)(1)(a)) and driving under suspension (R.C. 4510.14(A)).  Appellee is the State of Ohio.

## STATEMENT OF FACTS AND CASE

{¶2}   Hammond was arrested for operating a motor vehicle while under the influence (OVI) on April 13, 2014, and held in jail for one day.  He was formally charged with OVI and driving under suspension in Case No. 14TRC01272A-B on April 15, 2014.  On April 18, 2014, counsel entered an appearance on his behalf, and filed a motion to preserve evidence, a demand for discovery, a jury demand, and a time waiver.

{¶3}   On April 21, 2014, appellee filed a motion to enter a nolle prosequi to allow refiling of a corrected ticket.  On April 22, 2014, the court granted leave to enter a nolle prosequi and dismissed the case.

{¶4}   Appellee filed a new complaint on May 14, 2014, charging Hammond with OVI pursuant to R.C. 4511.19(A)(1)(a) and driving under suspension pursuant to R.C. 4510.14(A).  Hammond filed a motion to dismiss on speedy trial grounds on September 16, 2014.

{¶5}   Hammond argued that the nolle prosequi was void because it was not entered in open court, and he did not receive notice.  He calculated that 159 days had elapsed, counting the days between the dismissal of the first case and the refiling of the complaint.  Appellee argued that the time was tolled between the filing of the nolle prosequi and the refiling of the case, and thus 86 days of the 90 days within which

Hammond must be brought to trial had elapsed. The trial court accepted appellee's calculation of time and overruled the motion to dismiss.

{¶6} The case proceeded to jury trial and Hammond was convicted as charged. He assigns a single error on appeal:

{¶7} "THE TRIAL COURT ERRED BY NOT GRANTING THE APPELLANT'S MOTION TO DISMISS AND THUS DENIED THE APPELLANT HIS CONSTITUTIONAL AND STATUTORY RIGHTS TO A SPEEDY TRIAL."

*Analysis*

{¶8} Hammond specifically argues that the court erred in finding that the speedy trial time was tolled between the nolle prosequi and the refiling of the complaint against him. He argues that the nolle prosequi was void because it was not heard in open court as required by Crim. R. 48 and R.C. 2941.33.

{¶9} Pursuant to R.C. 2945.71(B)(2), the state had 90 days within which to bring appellant to trial. Hammond argues that 159 days elapsed before he was brought to trial.

{¶10} In *State v. Bonarrigo,* the Ohio Supreme Court noted,

In *State v. Spratz* (1979), 58 Ohio St.2d 61, 62, at fn. 2, 388 N.E.2d 751, we expressly noted that the entry of a nolle prosequi on a felony charge tolled the running of statutory speedy trial time until such time as the accused was re-indicted. Similarly, in *Westlake v. Cougill* (1978), 56 Ohio St.2d 230, 383 N.E.2d 599, we excluded from the computation of speedy trial time a period between a nolle prosequi of misdemeanor charges and the service of summons of a second filing of misdemeanor

charges arising out of the same conduct. In both cases, credit was given the accused for the period of time the charges based on the same conduct were pending prior to entry of the nolle prosequi.

62 Ohio St.2d 7, 9-10, 402 N.E.2d 530(1980). It is well-established that for purposes of computing how much time has run against the state under R.C. 2945.71 et seq., the time period between the dismissal without prejudice of an original indictment and the filing of a subsequent indictment, premised upon the same facts as alleged in the original indictment, shall not be counted unless the defendant is held in jail or released on bail pursuant to Crim.R. 12(I). *State v. Broughton*, 62 Ohio St.3d 253, 581 N.E.2d 541 (1991), paragraph one of the syllabus.

{¶11} R.C. 2941.33, Nolle prosequi, which was enacted October 1, 1953 states, "The prosecuting attorney *shall* not enter a nolle prosequi in any cause without leave of the court, on good cause shown, in open court. A nolle prosequi entered contrary to this section is invalid."(Emphasis added). In *State v. Mucci,* the Court noted,

These rules and statutes have been promulgated and enacted in order to curb abuses of executive prerogative. Under the common-law rule, a prosecutor had unlimited discretion to enter a nolle prosequi without any court involvement; however, the legislators and courts of this state and the federal government have acted to take this unlimited postindictment discretion away from the prosecutor. See 1944 Advisory Committee Notes to Fed.Crim.R. 48(A). See, also, Restatement of the Law, Contracts (1932), Section 549 (the prosecutor can bargain to recommend dismissal but not to secure dismissal). Therefore, a court in

this state functions as a check and balance to the discretion of a prosecutor to dismiss an indictment.

150 Ohio App.3d 493, 2002-Ohio-6896, 782 N.E.2d 133, ¶27. *Accord, State v. Neely*, 11th Dist. Lake No. 2004-L-197, 2005-Ohio-7045, ¶42.

{¶12} Crim.R. 48(A) provides, "The state *may* by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate." (Emphasis added). Crim.R. 48 was adopted July 1, 1973, nearly 20 years after R.C. 2941.33[1].

{¶13} In *State v. Pendleton,* this Court found,

[T]he term 'open court' means that court is in session and the judge is on the bench." *State v. Monroe*, (June 14, 2000) 4th Dist. No. 99CA632, (*citing Linden v. Bates Truck Lines Inc.*, (1982) 4 Ohio App.3d 178, 180, 446 N.E.2d 1139).

5th Dist. Licking Nos. 10 CA 81, 10 CA 82, 2011-Ohio-2024, ¶39. We note in the case at bar the trial court approved the state's dismissal of the charges.

{¶14} In addressing this issue in the context of the federal counterpart to Civ.R. 48(A) the Fifth Circuit has stated,

[I]t seems altogether proper to say that the phrase "by leave of court" in Rule 48(a) was intended to modify and condition the absolute power of the Executive, consistently with the Framer's concept of Separation of Powers, by erecting a check on the abuse of Executive prerogatives. But this is not to say that the Rule was intended to confer on

---

[1] Statutes in conflict with the rules promulgated by the Ohio Supreme Court have been declared invalid and to have no force and effect. *Hiatt v. Southern Health Facilities, Inc.,* 68 Ohio St.3d 236, 626 N.E.2d 71(1994); *In re Coy*, 67 Ohio St.3d 215, 616 N.E.2d 1105(1993).

the Judiciary the power and authority to usurp or interfere with the good faith exercise of the Executive power to take care that the laws are faithfully executed. The rule was not promulgated to shift absolute power from the Executive to the Judicial Branch. Rather, it was intended as a power to check power. The Executive remains the absolute judge of whether a prosecution should be initiated and the first and presumptively the best judge of whether a pending prosecution should be terminated. The exercise of its discretion with respect to the termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest.

*United States v. Cowan*, 524 F.2d 504, 513 (5th Cir.1975).

{¶15} In *Rinaldi v. United States*, 434 U.S. 22, 29–30, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977), the Supreme Court observed,

The words "leave of court" were inserted in Rule 48(a) without explanation. While they obviously vest some discretion in the court, the circumstances in which that discretion may properly be exercised have not been delineated by this Court. The principal object of the "leave of court" requirement is apparently to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection....But the Rule has also been held to permit the court to deny a Government dismissal motion to which the defendant has consented if the

motion is prompted by considerations clearly contrary to the public interest.

*Rinaldi*, 434 U.S. at 30, note 15, 98 S.Ct. 81 (internal citations omitted).

{¶16} Crim.R. 48 does not require that the state file a *motion*; rather the rule dictates that the state request leave of court to file "*an entry of dismissal."* Nor does the Rule specify that the nolle is invalid if entered contrary to this section.

{¶17} The state is not required to obtain the defendant's consent prior to dismissing the case. *U.S. v. Delagarza*, 650 F.2d 1166, 1167(10th Dist. 1981); *U.S. v. Valencia*, 492 F.2d 1071, 1074(9th Cir. 1974); *U.S. v. Manbeck, 514* F.Supp. 152*(*S.C. 1981). Rather the question that the court must consider when the state requests leave to file an entry of dismissal is whether the prosecutor has abused the prosecutorial discretion afforded him or whether the dismissal is clearly contrary to the public interest. Accordingly, in the case at bar, it cannot be said that the state's motivation for dismissing the charges while issuing a corrected ticket discloses an improper motive on the state's part or that the dismissal is contrary to manifest public interest. Hammond has neither argued nor suggested either in his brief. Hammond has failed to assert before this Court any legal argument, meritorious or otherwise, in opposition to the granting of the *nolle prosequi*.

{¶18} If consent of a defendant prior to dismissal is not necessary, Hammond cannot show he was prejudiced by the failure of the court to notify him prior to dismissing the charges. Hammond did not lose his right to raise his speedy trial challenge when the corrected ticket was subsequently issued. Hammond has not separately briefed and argued that any other delay is chargeable to the state under the

statute. Nor has Hammond briefed and argued that his constitutional right to a speedy trial under the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution, his right to due process under the Fifth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution have been abrogated by the delay between his initial arrest and this issuance of a correct ticket. *See generally, Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101(1972).

{¶19} However, in the case at bar even if Hammond was correct that the time continued to run after the state's nolle pursuant to R.C. 2945.71, he would not prevail. We find that the speedy trial time of ninety days had not expired when Hammond was brought to trial on October 16, 2014 even if the time had continued to run after the state file its nolle prosequi.

{¶20} Hammond was arrested on April 13, 2014, held in jail for one day, and released on April 14, 2014. Pursuant to R.C. 2945.71(E), this day counts as three days.

{¶21} The ticket was filed on April 15, 2014. On April 18, 2014, Hammond filed a time waiver and a demand for discovery. When a defendant waives the right to a speedy trial as to an initial charge, such waiver is not applicable to additional charges arising from the same set of circumstances that are brought subsequent to the execution of the waiver. *State v. Adams,* 43 Ohio St. 3d 67, 538 N.E.2d 1025, syllabus (1989). However, periods of delay resulting from motions filed by the defendant in a previous case also apply in a subsequent case in which there are different charges based on the same underlying facts and circumstances of the previous case. *State v. Blackburn,* 118 Ohio St. 3d 163, 887 N.E.2d 319, 2008-Ohio-1823, syllabus.

{¶22} A demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E). *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, syllabus. Therefore, the speedy trial time was tolled when Hammond filed his discovery demand on April 18, 2014, until the demand was answered by the prosecutor on June 20, 2014. Three days expired from the time the complaint was filed on April 15 until the time was tolled on April 18, bringing the total days that had expired to six days when time began to run again on June 20, 2014.

{¶23} Hammond's trial was scheduled to begin on August 14, 2014. Fifty-five days expired between June 20, 2014 and August 14, 2014, bringing the total to 61 days that had expired. The case was continued to September 25, 2014, on motion of the prosecutor, to allow an older case to go forward. Pursuant to R.C. 2945.72(H), the time within a defendant must be brought to trial may be extended by "the period of any reasonable continuance granted other than upon the accused's own motion." The continuance must be accompanied by a journal entry which is made prior to the expiration of the statutory time limit and explains the reasons for the continuance. *State v. King*, 70 Ohio St.3d 158, 1994-Ohio-412, 637 N.E.2d 903. The court journalized the continuance to allow an older case to go forward on August 28, 2014, before the time within which Hammond must be brought to trial had expired. This Court has previously found that a continuance to allow an older case to go forward is reasonable. See *State v. Dailey,* 5th Dist. Richland No. 2005 CA 052, 2006-Ohio-5865.

{¶24} Hammond filed his motion to dismiss on speedy trial grounds on September 16, 2014, which again tolled the time within which he must be brought to trial. Because of the time required to allow the parties to address the motion, the court

sua sponte continued the case to October 16, 2014. Hammond concedes in his brief that the speedy trial time calculation stopped running when he filed his motion to dismiss on September 16, 2014. [Appellant Brief at 5] Accordingly, Hammond was brought to trial within 90 days, as required by R.C. 2945.71(B)(2).

{¶25} The assignment of error is overruled. The judgment of the Mount Vernon Municipal Court is affirmed. Costs are assessed to appellant.

By: Gwin, P.J. and

Farmer, J. concur;

Baldwin, J., concurs separately.

*Baldwin, J., concurring separately,*

**{¶26}** I concur in the judgment affirming the decision of the trial court on the basis that the discovery motion tolled the time within which appellant must be brought to trial, and he therefore was tried within 90 days. However, I would find that the nolle prosequi was invalid and therefore did not toll the time between its filing and the refiling of the complaint.

**{¶27}** Crim. R. 48(A) provides that, "[t]he state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate." Similarly, R.C. 2941.33 provides, "The prosecuting attorney shall not enter a nolle prosequi in any cause without leave of the court, on good cause shown, in open court. A nolle prosequi entered contrary to this section is invalid."

**{¶28}** Under both the rule and the statute, a hearing on a motion of this type, made by the prosecution, is available upon request by the defense for such a hearing. *State v. Monroe,* 4th Dist. Pike No. 99CA 632, 2000 WL 807228 (June 14, 2000). In most cases, the defendant is not prejudiced by the dismissal of charges against him, and dismissal may be entered in chambers, or by entry, with the knowledge of defendant, or defendant's counsel. *Id.* Therefore, when the defendant does not have notice of the nolle prosequi, the dismissal is invalid and the speedy trial time continues to run. *Id.* Based on the reasoning in *Monroe,* the Ninth District similarly concluded that a nolle prosequi entered without notice to the defendant is null and void, and the dismissal does not toll the time within which the defendant must be brought to trial for speedy trial purposes. *State v. Davis,* 9th Dist. Lorain No. 08CA009412, 2008-Ohio-6741, ¶20.

{¶29} In order for the "open court" requirement set forth in the statute and the rule to have meaning, the defendant must be notified of the motion and be given an opportunity respond or to request a hearing. The record does not reflect that appellant was notified of either the motion or the judgment granting the motion in the instant case, and I would therefore conclude that the nolle prosequi was invalid and did not toll the time within which appellant must be brought to trial.

HON. CRAIG R. BALDWIN

[Cite as *State v. Hammond*, 2015-Ohio-4156.]