The STATE of Ohio, Appellee,

v.

BURNSIDE, Appellant.

[Cite as *State v. Burnside,* 186 Ohio App.3d 733, 2010-Ohio-1235.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23504.

Decided March 26, 2010.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and R. Lynn Nothstine, Assistant Prosecuting Attorney, for appellee.

Tyler D. Starline, for appellant.

FROELICH, Judge.

{¶ 1} Paul A. Burnside was convicted of felonious assault after a bench trial before a visiting judge in the Montgomery County Court of Common Pleas. The court sentenced him to five years of community control. Burnside appeals from his conviction, claiming that he did not validly waive his right to a jury trial and that his case was not properly assigned to a visiting judge. For the following reasons, the trial court's judgment will be reversed, and the matter will be remanded for a new trial.

I

{¶ 2} In September 2008, Burnside was indicted for felonious assault by means of a deadly weapon. The charge arose from an altercation with Lavon Robinson, during which Burnside allegedly hit Robinson with a steel martial-arts baton. After several continuances, trial was scheduled for 9:00 a.m. on April 13, 2009. The transcript begins on April 14, 2009; it is not clear from the record what proceedings, if any, took place on April 13, 2009.

{¶ 3} On April 14, 2009, prior to that day's proceedings, Burnside expressed a desire to waive his right to a jury trial. At 8:53 a.m. on that date, the court

discussed the matter with Burnside, defense counsel, and the prosecutor in chambers.

{¶ 4} "THE COURT: Okay. We're on the record. And this State of Ohio versus Paul A. Burnside, excuse me, case number 2008–CR–3027. And Mr. Burnside is present here in chambers. The jury is awaiting his decision on whether or not he wants to proceed with them or proceed [to] trial by the Court. Mr. Ben Swift is his – [Mr. Swift's cell phone rings].

{¶ 5} "MR. SWIFT: Can we pause for a second?

{¶ 6} "THE COURT: Yeah.

{¶ 7} "MR. SWIFT: This is one of the witnesses, his daughter. Can you hold one second? I need to speak with her.

{¶ 8} "THE COURT: All right. Let's put this on pause.

{¶ 9} "(off record)

{¶ 10} "THE BAILIFF: We're back on the record.

{¶ 11} "THE COURT: All right. Mr. Burnside, you are here for a jury trial today. Your counsel has indicated that you want to forego the jury trial, and you want the case to be tried by the Court. Now I need to explain to you a few things, and then you can make your final decision. I see you signed this jury waiver, but I won't accept it until I hear you say that that's, in fact, what you want to do.

{¶ 12} "You have a constitutional right to have your case – criminal case tried before a jury of 12 people. You understand that?

{¶ 13} "THE DEFENDANT: Yes, sir.

{¶ 14} "THE COURT: And that jury will hear the facts, and they will come up with a finding. Their finding will either be guilty or not guilty, and they must make that unanimously. All 12 jurors must agree to that finding. You understand?

{¶ 15} "THE DEFENDANT: Yes, I do.

{¶ 16} "THE COURT: And of course, if they can't agree, that's the third option, and that's a hung jury, but we don't particularly care for those. We like to have the guilty or not guilty.

{¶ 17} "In any event, you also, if you wish, have the right to waive that constitutional right and ask the Court to proceed without a jury. And if that's the case, then the case is tried before the Court. And what that means is it's tried before the Judge, and that would be me on this particular day in this case. Do you understand that?

{¶ 18} "THE DEFENDANT: Yes, sir.

{¶ 19} "THE COURT: Now you don't – the State has to prove the case against you beyond a reasonable doubt. They have to convince 12 people. And those 12 people, there could be a couple of people in there that don't accept that the State has done that, and they say no, I'm not going to vote for a guilty finding. You do it before the Judge, he's only got to convince one person.

{¶ 20} "THE DEFENDANT: Yes, sir.

{¶ 21} "THE COURT: So you have to balance that, whether that's an advantage or a disadvantage, in making your decision. Do you have any questions about waiving the jury or any questions about this subject that we're talking about?

{¶ 22} "THE DEFENDANT: You're fair, right? You're a fair judge, right?

{¶ 23} "THE COURT: Well, I'd like to think so. Now I'm not so sure that there's others out there—

{¶ 24} "THE DEFENDANT: All right.

{¶ 25} "THE COURT: —on behalf of the State or the defense that would say that.

{¶ 26} "THE DEFENDANT: Yeah. I'll waive. I'll waive it then.

{¶ 27} "THE COURT: You want to do that?

{¶ 28} "THE DEFENDANT: Yes, sir.

{¶ 29} "THE COURT: You want to give up your right to the jury?

{¶ 30} "THE DEFENDANT: Yes, sir.

{¶ 31} "THE COURT: And you have signed this jury waiver here? That's your signature?

{¶ 32} "THE DEFENDANT: Yes, sir.

{¶ 33} "THE COURT: Very well. Then we'll proceed with the trial to the Court soon.

{¶ 34} "THE DEFENDANT: Okay.

{¶ 35} "THE COURT: Okay."

{¶ 36} A written jury waiver was filed at 9:15 a.m. on April 14, 2009. The waiver stated: "I, Paul Burnside, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury." The waiver was signed by Burnside and his attorney.

{¶ 37} At approximately 9:30 a.m., the court reconvened in the courtroom. At that time, the court stated:

{¶ 38} "All right. Okay. We're here on the State of Ohio versus Paul Burnside. Jury has been waived. We are awaiting the State's representative, in present, in court. But that doesn't matter. The Defendant is present in court and the prosecut—or defense counsel, I think, are ready to go. Correct gentlemen?"

{¶ 39} Defense counsel responded, "Defendant is ready, Judge." The court indicated: "We're going to move into an opening statement here."

{¶ 40} Burnside's case was then tried to the court. Upon consideration of all of the evidence submitted, the court found Burnside guilty of felonious assault. In May 2009, Burnside was sentenced to community-control sanctions.

{¶ 41} Burnside appeals from his convictions, raising two assignments of error.

## II

{¶ 42} Burnside's first assignment of error states:

{¶ 43} "The trial court prejudicially erred by conducting a bench trial when the jury waiver was not made in open court, which is a strict-compliance jurisdictional requirement."

{¶ 44} In his first assignment of error, Burnside claims that he did not validly waive his right to a jury trial, because he did not waive that right in open court, as required by R.C. 2945.05.

{¶ 45} The Sixth Amendment to the United States Constitution guarantees an accused the right to a jury trial. Likewise, under Section 5, Article I of the Ohio Constitution, a defendant's right to a trial by jury is inviolate. A defendant may, however, elect to waive this constitutional right. See Fed.R.Crim.P. 23(a); *Duncan v. Louisiana* (1968), 391 U.S. 145, 158, 88 S.Ct. 1444, 20 L.Ed.2d 491 (expressing "no constitutional doubts about the practices * * * of accepting waivers of jury trial"); *Patton v. United States* (1930), 281 U.S. 276, 293, 50 S.Ct. 253, 74 L.Ed. 854, overruled on other grounds by *Williams v. Florida* (1970), 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446; R.C. 2945.05; Crim.R. 23(A).

{¶ 46} It is also true that a state may, by statute or constitution, grant a defendant additional rights. For example, a petty offense does not involve the federal constitutional right to a jury trial, e.g., *Duncan*, 391 U.S. at 159, 88 S.Ct. 1444, 20 L.Ed.2d 491, and *Lewis v. United States* (1996), 518 U.S. 322, 116 S.Ct. 2163, 135 L.Ed.2d 590, although Ohio and many other states afford that right to certain defendants charged with petty offenses. R.C. 2945.17; Crim.R. 23(A). See *State v. Tate* (1979), 59 Ohio St.2d 50, 13 O.O.3d 36, 391 N.E.2d 738.

{¶ 47} In Ohio, Crim.R. 23 and R.C. 2945.05 govern a felony defendant's waiver of his jury-trial rights. Crim.R. 23(A) provides:

{¶ 48} "In serious offense cases the defendant before commencement of the trial may knowingly, intelligently and voluntarily waive in writing his right to trial by jury. Such waiver may also be made during trial with the approval of the court and the consent of the prosecuting attorney."

{¶ 49} R.C. 2945.05 sets forth the manner in which a defendant may waive this right. *State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.2d 279, ¶ 6. That statute states:

{¶ 50} "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: 'I _____, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury.'

{¶ 51} "Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial."

{¶ 52} Similarly, the waiver of counsel, the return of the jury's verdict in a criminal case, and the statement of the underlying agreement for a negotiated plea in a felony case all must occur "in open court." See Crim.R. 11(F), Crim.R. 31(A), 44(C). In contrast, Crim.R. 22 requires that all proceedings involving serious criminal offenses be recorded.

{¶ 53} Based on this authority, the Supreme Court of Ohio has identified five conditions that must be satisfied in order for a jury waiver to be valid. *Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.2d 279, at ¶ 9. The jury waiver must be "(1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court." Id. Trial courts must strictly comply with the requirements of R.C. 2945.05. *State v. Pless* (1996), 74 Ohio St.3d 333, 337, 339, 658 N.E.2d 766; *Jackson v. Dallman* (1994), 70 Ohio St.3d 261, 262, 638 N.E.2d 563. "In the absence of strict compliance with R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury." *Pless*, 74 Ohio St.3d at 337, 658 N.E.2d 766.[1]

---

1. The Supreme Court of Ohio has since clarified that *Pless* does not stand for the proposition that the trial court lacks subject-matter jurisdiction, rendering the judgment void; rather,

{¶ 54} Burnside does not dispute that the first four requirements were satisfied. He signed a written waiver, which was filed and made part of the record; the form complied with the statutory language. He claims, however, that the trial court did not satisfy the open-court requirement, because his waiver was given during proceedings conducted in chambers, which, he claims, is not synonymous with proceedings in open court. Burnside asserts that the court's subsequent passing comment in the courtroom that the jury had been waived was inadequate to satisfy R.C. 2945.05.

{¶ 55} R.C. 2945.05 does not define "in open court." In the context of Crim.R. 44(C), which requires that a waiver of counsel be "in open court" and "recorded," we have concluded that a waiver of counsel made only during an in-chambers conference did not satisfy the open-court requirement. *State v. Ware* (Dec. 30, 1999), Montgomery App. No. 17610, 1999 WL 1267028. See also *In re Guardianship of Melhorn,* Montgomery App. No. 22764, 2009-Ohio-2424, 2009 WL 1448969 (noting that the probate court failed to make a record "in open court" or "in chambers"). In *Ware,* we reasoned:

{¶ 56} "The term 'open court' means that court is in session, and that the judge is on the bench. *Linden v. Bates Truck Lines, Inc.* (1982), 4 Ohio App.3d 178, 4 OBR 280, 446 N.E.2d 1139. This court itself has stated that 'according to custom and usage, [in open court] means during a *public* proceeding conducted on the record after notice and an opportunity to be heard has been given to all parties whose rights are or may be affected thereby.' *State v. Grooms* (Apr. 25, 1997), Montgomery App. No. 16002, 1997 WL 205993, unreported, at 1. The First District Court of Appeals has recently pointed out that: 'An open courtroom is necessary to preserve and support the fair administration of justice because it encourages witnesses to come forward and be heard by the public, discourages perjury by the witnesses, and ensures that the judge and prosecutor will carry out their duties properly.' *State v. Sanders* (1998), 130 Ohio App.3d 92, 96–97, 719 N.E.2d 619, citing *State v. Lane* (1979), 60 Ohio St.2d 112, 14 O.O.3d 342, 397 N.E.2d 1338." (Emphasis added.).

{¶ 57} In *Lomax,* the Supreme Court attempted "to clarify the meaning of the 'open court' requirement in R.C. 2945.05" and to determine the significance of written waivers with respect to the statute's open-court requirement. *Lomax,* 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.2d 279, at ¶ 1. In that case, the defendant had signed a written waiver, but the court did not question him or "inform him of anything." Instead, the trial court merely noted that there would

---

*Pless* "involved error in the court's exercise of its jurisdiction," which rendered the judgment voidable and allowed for reversal and remand. *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992. See also *State v. Franklin,* Cuyahoga App. No. 81426, 2003-Ohio-2649, 2003 WL 21193014, ¶ 5–7.

be a waiver of jury trial, stating, "Since there's going to be a jury waiver, does the State care to make an opening statement at this time?"   Id. at ¶ 10, 45.   As stated by the Supreme Court: "Aside from this passing reference to a jury waiver, the trial court did not address Lomax and have him acknowledge in the courtroom and in the presence of counsel that he was waiving his right to a jury trial."   Id. at ¶ 47.   Lomax claimed that the trial court's passing reference to his jury waiver was insufficient to satisfy the open-court requirement of R.C. 2945.05. The First District agreed with Lomax and reversed his conviction.

{¶ 58} The Supreme Court affirmed the First District, finding that the requirements of R.C. 2945.05 had not been met by the trial court's passing reference to the jury waiver.   The court concluded:

{¶ 59} "[A] trial court does not need to engage in an extended colloquy with the defendant in order to comply with the statutory requirement that a jury waiver be made in open court.   There must be, however, some evidence in the record of the proceedings that the defendant acknowledged the waiver to the trial court while in the presence of counsel, if any.   Absent such evidence, the waiver does not comply with the requirements of R.C. 2945.05 and is therefore invalid."   Id. at ¶ 42.

{¶ 60} The court further instructed that it does "not mandate magic words, or a prolonged colloquy, but simply what Ohio law intends—that a defendant while in the courtroom and in the presence of counsel, if any, acknowledge to the trial court that the defendant wishes to waive the right to a jury trial."   Id. at ¶ 48. The court thus held: "To satisfy the 'in open court' requirement in R.C. 2945.05, there must be some evidence in the record that the defendant *while in the courtroom* and in the presence of counsel, if any, *acknowledged* the jury waiver to the trial court."   (Emphasis added.)   Id. at ¶ 49.

{¶ 61} In reaching its conclusion, the Supreme Court reviewed its holdings in *State v. Jells* (1990), 53 Ohio St.3d 22, 559 N.E.2d 464; *State v. Bays* (1999), 87 Ohio St.3d 15, 716 N.E.2d 1126;   and *Pless*, 74 Ohio St.3d 333, 658 N.E.2d 766. *Jells* and *Bays* each concerned whether the trial court adequately made the defendant aware of his rights to a jury trial.   *Pless* established that strict compliance with the requirements of R.C. 2945.05 was necessary, and the Supreme Court in that case held that a jury waiver was invalid when the waiver, although written, had not been filed or made part of the record.   None of these cases is factually similar to the circumstances before us.

{¶ 62} The Supreme Court's precedent concerning the open-court requirement is satisfied if the defendant "while in the courtroom" acknowledged the jury waiver to the court.   Id. at ¶ 49.   Several appellate districts have addressed circumstances where at least part of the waiver process has occurred outside of the courtroom.

{¶ 63} For example, the Eighth District has repeatedly held that Crim.R. 23(A) and R.C. 2945.05 are satisfied when the defendant signs a written waiver outside of the courtroom "*and the court reaffirms this waiver in open court.*" (Emphasis added.) *Franklin,* Cuyahoga App. No. 81426, 2003-Ohio-2649, 2003 WL 21193014. See also, e.g., *State v. Ford* (Mar. 14, 2002), Cuyahoga App. Nos. 79441 and 79442, 2002 WL 407925.

{¶ 64} The term "acknowledge" requires more than acquiescence on the part of the defendant. In contrast to acquiescence, which is implied consent "by one's mere silence" (qui tacet consentit), Black's Law Dictionary (6th Ed.Rev.1990) 24, "acknowledge" means "[t]o own, avow, or admit; to confess; to recognize one's acts, and assume the responsibility therefor." Id. at 23.

{¶ 65} The Supreme Court of Ohio has concluded that a defendant's silence is insufficient to waive the right to a jury trial. *State v. Tate* (1979), 59 Ohio St.2d 50, 13 O.O.3d 36, 391 N.E.2d 738. In *Tate,* the trial court concluded a bench trial, even though the defendant had filed a timely demand for a jury trial for his petty-offense charge. No written or oral jury waiver was obtained. The record reflected that the defendant was a man of above-normal intelligence, that he was represented by employed counsel, and that counsel, when asked by the trial judge if the defendant was ready to proceed to trial, stated that he was ready and did not mention to the judge that he desired a jury trial. Id. at 55, 13 O.O.3d 36, 391 N.E.2d 738 (Holmes, concurring). "The trial proceeded and the defendant testified. Upon being found guilty of the offense charged, the defendant and his counsel had no comment to make to the court and, again, no mention of, or complaint about, proceeding without a jury." Id.

{¶ 66} Upon review, the Supreme Court held that the trial court did not comply with R.C. 2945.05 and, consequently, the defendant was denied his constitutional right to a jury trial. Addressing the defendant's conduct, the court stated:

{¶ 67} "While the circumstances of this cause could lead one to surmise that appellant was aware of the situation and possibly took advantage of it, we cannot accept the proposition that there was a waiver of this right by silence. To do so would not only conflict with years of constitutional precedent, it could well require this court to review the circumstances of all such similar cases to determine whether the conduct and education of the accused and the adequacy of his counsel would support such an implicit waiver in each instance. As was stated in *Simmons v. State* (1906), 75 Ohio St. 346, 79 N.E. 555, at paragraph two of the syllabus, '(s)uch waiver must clearly and affirmatively appear upon the record, and it can not be assumed or implied by a reviewing court from the silence of the accused * * *.' Furthermore, '(e)very reasonable presumption should be made against the waiver, especially when it relates to a right or

privilege deemed so valuable as to be secured by the Constitution.' Id., at page 352, 79 N.E. at page 557." *Tate*, 59 Ohio St.2d at 53, 13 O.O.3d 36, 391 N.E.2d 738.

{¶ 68} The present case is partially distinguishable from *Tate* in that the trial court discussed Burnside's expressed desire to waive his right to a jury trial in chambers, with counsel and the prosecutor present. The court thoroughly and patiently informed Burnside of his right to a jury trial and of the ramifications of his waiver of such right. The record reflects that Burnside understood the waiver and that he knowingly, intelligently, and voluntarily elected to waive his right to a jury trial. Burnside had signed the waiver form prior to the in-chambers conversation, and Burnside acknowledged his signature during the in-chambers conference.

{¶ 69} Despite the trial court's colloquy with Burnside, Burnside never waived his right to a trial by jury in open court. The court's in-chambers discussion with Burnside did not occur in open court. Similar to *Lomax*, the trial court's statement that the "jury has been waived" was the only reference to a jury waiver that was made in the courtroom.

{¶ 70} And, Burnside never acknowledged his prior written and oral waivers in open court, despite the court's justifiable inference that he did. Upon the resumption of proceedings in the courtroom, the court indicated that a jury had been waived and that [the attorneys] "I think, are ready to go. Correct gentlemen?" As in *Tate*, Burnside's defense counsel responded, "Defendant is ready, Judge." The court never asked Burnside, in the courtroom, whether he still wished to waive a jury trial, and Burnside made no affirmative statement that he wished to proceed without a jury. In the absence of a record of a conversation in the courtroom between Burnside and the court during which Burnside acknowledged or reaffirmed his waiver of his right to a jury trial, Burnside's purported waiver of his right to a jury trial did not comport with the open-court requirement of R.C. 2945.05.

{¶ 71} The state asserts that reversing Burnside's conviction "because he was standing in the wrong room when he knowingly and voluntarily waived his right to a jury trial" is an absurd result, one which was not intended by the General Assembly. The state argues that the "in open court" requirement "has less to do with the physical location where the jury waiver takes place than it is concerned with the circumstances that ensure a defendant is not coerced into waiving his constitutional right. That being the case, Burnside's waiver of the jury was, in effect, conducted in open court."

{¶ 72} While we do not agree with the state that in chambers is in effect in open court, we do agree that the difference, in these circumstances, is not one that is of constitutional import or that denied the defendant due process. The

record clearly reflects that Burnside signed a waiver form and that the trial court took care to ensure that Burnside understood his right to a jury trial, understood the risk of having one person rather than a group of 12 determine the verdict, and made a knowing, intelligent, and voluntary waiver of his right to a jury trial.

{¶ 73} The right to a jury trial in a felony criminal case is a fundamental right. We are mindful that a defendant could "sandbag" the court, but the legislature has concluded, and the Ohio Supreme Court has agreed, that a jury waiver (or at least its acknowledgment) must be in open court. In this particular case, we have no doubt that Burnside waived a jury and agreed to be tried by the court, but the "in open court" rule is prophylactic and designed to protect all defendants, not just this one. Considering that the written waiver need not be signed in open court and the trial court need not engage in an extensive discussion with a defendant, it is not difficult for a trial court to comply with the open-court requirement.

{¶ 74} The first assignment of error is sustained.

## III

{¶ 75} Burnside's second assignment of error states:

{¶ 76} "The trial court prejudicially erred by proceeding with a visiting judge without a valid transfer order being filed in the docket."

{¶ 77} In light of our disposition of Burnside's first assignment of error, the second assignment of error is overruled as moot.

## IV

{¶ 78} The judgment of the trial court will be reversed, and the matter will be remanded for a new trial.

Judgment reversed
and cause remanded.

BROGAN and FAIN, JJ., concur.