[Cite as *State v. Woodson*, 2021-Ohio-3321.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-200362 |
| | | C-200363 |
| Plaintiff-Appellee, | : | TRIAL NOS. 19CRB-7507-A |
| | | 19CRB-7507-C |
| vs. | : | |
| JADE WOODSON, | : | |
| | | *O P I N I O N.* |
| Defendant-Appellant. | : | |


Criminal Appeals From:  Hamilton County Municipal Court

Judgments Appealed From Are:  Reversed and Case Remanded

Date of Judgment Entry on Appeal:  September 22, 2021


*Andrew W. Garth*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Jon Vogt*,  Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**Bock, Judge.**

{¶1} Defendant-appellant Jade Woodson appeals her criminal-damaging and assault convictions, asserting that the trial court erred by holding a bench trial when Woodson had made a jury demand and never waived that right. Woodson further asserts that the trial court did not have sufficient evidence to find her guilty of criminal damaging, that her conviction for assault was against the manifest weight of the evidence, and that the trial court erred in ordering her to pay restitution. For the reasons stated herein, we reverse the court's judgments and remand the matter to the trial court.

## I.     Facts and Procedure.

{¶2} In March 2019, defendant-appellant Jade Woodson was charged with aggravated burglary in violation of R.C. 2911.11(A)(1). The grand jury returned misdemeanor indictments for aggravated trespassing, assault, aggravated menacing, and criminal damaging. The matter was remanded to the Hamilton County Municipal Court. Woodson timely filed a jury demand.

{¶3} Before the bench trial, the court asked defense counsel if Woodson had filed a jury demand—counsel responded that she had not. Following the bench trial, the trial court dismissed the aggravated-trespassing and aggravated-menacing charges, but found Woodson guilty of criminal damaging and assault. The court sentenced Woodson. Woodson appealed.

## II.     Woodson's First Assignment of Error Requires Reversal

{¶4} Woodson argues that the trial court lacked the authority to try her without a jury because she had timely asserted a demand for a jury trial and never

waived that right. The state concedes that Woodson is entitled to a jury trial. We agree.

{**¶5**}　Crim.R. 23(A) provides, "In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later."

{**¶6**}　R.C. 2945.17 provides that a defendant has the right to a jury trial for violating any statute of this state, or any ordinance of any municipal corporation, except for violations that are minor misdemeanors, do not include the possibility of prison or jail term, or carry a possible fine not exceeding $1,000. The Sixth Amendment to the United States Constitution guarantees an accused the right to a jury trial. *State v. Burnside*, 186 Ohio App.3d 733, 2010-Ohio-1235, 930 N.E.2d 372, ¶ 45 (2d Dist.). And under Section 5, Article I of the Ohio Constitution, a defendant's right to a trial by jury is inviolate. *Id.*

{**¶7**}　In a petty-offense case, once the defendant properly demands a jury trial under Crim.R. 23, the defendant may waive the right to a jury trial only in writing, signed by the defendant, filed as part of the record, and made in open court. R.C. 2945.05. And a valid waiver requires strict compliance with R.C. 2945.05. *State v. Sweeting*, 2019-Ohio-2360, 138 N.E.3d 567, ¶ 12 (1st Dist.). When a defendant has made a jury demand, absent strict compliance with R.C. 2945.05, a trial court lacks jurisdiction to conduct a bench trial. *State v. Pless*, 74 Ohio St.3d 333, 658 N.E.2d 766 (1996), paragraph one of the syllabus.

3

{¶8}   Woodson was charged with misdemeanors that carried the possibility of incarceration. As such, she had the right to a jury trial. Woodson demanded that right in writing, in compliance with Crim.R. 23. Once Woodson filed her jury demand, the court was required to strictly comply with R.C. 2945.05. Woodson did not waive her right to a jury trial in strict compliance with R.C. 2945.05. Consequently, the trial court lacked jurisdiction to try her without a jury.

## Conclusion

{¶9}   Because the trial court lacked jurisdiction to try Woodson without a jury, Woodson's first assignment of error is sustained and the remaining assignments of errors are moot and we do not address them.

{¶10}  We reverse the trial court's judgments and remand this matter to the trial court for further proceedings consistent with this opinion.

Judgments reversed and case remanded.

**MYERS, P.J.**, and **CROUSE, J.**, concur.

Please note:

The court has recorded its entry on the date of the release of this opinion