[Cite as *State v. White*, 2021-Ohio-4076.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210200 |
| | | TRIAL NO. 20CRB-4795B |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | |
| | | *O P I N I O N.* |
| STEPHAN WHITE, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Case Remanded

Date of Judgment Entry on Appeal:  November 17, 2021

*Andrew W. Garth,* City Solicitor, *William T. Horsley,* Chief Prosecuting Attorney, and *Jon Vogt,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender, and *David Hoffmann,* Assistant Public Defender, for Defendant-Appellant.

**Bock, Judge.**

{¶1} Defendant-appellant Stephan White appeals his criminal-trespass conviction and raises two assignments of error. White contends that the trial court violated his constitutional and statutory rights when it denied him a jury trial. White also contends that his conviction is both unsupported by sufficient evidence and against the manifest weight of the evidence. Because we find that the trial court lacked jurisdiction to conduct a bench trial following White's jury demand, we reverse the judgment and remand the case to the trial court.

## I.     Facts and Procedure

{¶2} In March 2020, defendant-appellant Stephan White was charged with criminal trespassing, a violation of R.C. 2911.21(A)(1),[1] for failing to leave a homeless shelter. White pled not guilty.

{¶3} Before trial, White filed a timely jury demand "on all issues." Despite that demand and no subsequent written jury waiver, the trial court proceeded with a bench trial.

{¶4} The court found White guilty of criminal trespass. The court sentenced White to 12 days in jail with credit for 12 days served and ordered White to stay away from the shelter.

## II.     Assignments of Error

{¶5} White raises two assignments of error. First, he asserts that the trial court lacked jurisdiction to try him without a jury. Second, White argues that his conviction was against the manifest weight of the evidence and that the evidence was insufficient as a matter of law. We find White's first assignment of error dispositive.

---

[1] White was also charged with failure to disclose personal information. The trial court dismissed that charge.

2

## A. **Right to a jury trial**

### Defendant's right to a jury trial

{¶6} Crim.R. 23(A) provides, "[i]n petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later."

{¶7} R.C. 2945.17 provides that a defendant has the right to a jury trial for violating any statute of this state, or any ordinance of any municipal corporation, except for violations that are minor misdemeanors, do not include the possibility of a prison or jail term, or carry a possible fine not exceeding $1,000. The Sixth Amendment to the United States Constitution guarantees an accused the right to a jury trial. *State v. Burnside*, 186 Ohio App.3d 733, 2010-Ohio-1235, 930 N.E.2d 372, ¶ 45 (2d Dist.). And under Section 5, Article I of the Ohio Constitution, a defendant's right to a trial by jury is inviolate. *Id.*

{¶8} In a petty-offense case, once the defendant properly demands a jury trial under Crim.R. 23, the defendant may waive the right to a jury trial only in writing, signed by the defendant, filed as part of the record, and made in open court. R.C. 2945.05. When a trial court conducts a bench trial following a valid jury demand, we review the proceedings to determine if the court strictly complied with the statutory requirements under R.C. 2945.05. *State v. Sweeting*, 2019-Ohio-2360, 138 N.E.3d 567, ¶ 12 (1st Dist.).

{¶9} Without strict compliance with R.C. 2945.05's requirements, a jury trial demand strips the trial court of its jurisdiction to conduct a bench trial. *State v. Pless*, 74 Ohio St.3d 333, 658 N.E.2d 766 (1996), paragraph one of the syllabus.

<u>The trial court lacked authority to try White without a jury</u>

**{¶10}** White argues that the trial court lacked authority to try him without a jury. The state concedes the error. We agree.

**{¶11}** White was charged with criminal trespass and failure to disclose personal information—two fourth degree misdemeanors. R.C. 2911.21(D)(1) and 2921.29(B). Both petty offenses carried the possibility of incarceration. R.C. 2929.24(A)(4). Accordingly, White had a right to a jury trial. He asserted that right in writing, in compliance with Crim.R. 23.

**{¶12}** The record lacks any indication that White attempted, or desired, to waive his right to a jury trial in writing or in open court. Once White demanded a jury trial under Crim.R. 23, the trial court was required to strictly comply with R.C. 2945.05. It did not do so; therefore, White did not waive his right to a jury trial. The trial court lacked jurisdiction to try White without a jury. Accordingly, we sustain White's first assignment of error.

### III.    Conclusion

**{¶13}** The trial court lacked jurisdiction to try White without a jury. White's first assignment of error is sustained. White's remaining assignment of error is moot and we do not address it.

**{¶14}** We reverse the trial court's judgment and remand this case to the trial court for further proceedings consistent with this opinion.

Judgment reversed and case remanded.

**ZAYAS, P.J.**, and **MYERS, J.**, concur.

Please note:

      The court has recorded its entry on the date of the release of this opinion.