UNITED STATES of America,
Plaintiff-Appellee,

v.

Floreal DELAGARZA,
Defendant-Appellant.

No. 80–1744.

United States Court of Appeals,
Tenth Circuit.

Submitted Feb. 19, 1981.

Decided March 2, 1981.

Rehearing Denied April 9, 1981.

Certiorari Denied June 8, 1981.
See 101 S.Ct. 3053.

John C. Humpage of Humpage, Berger & Hoffman, Topeka, Kan., for defendant-appellant.

John O. Martin, Asst. U. S. Atty., James P. Buchele, U. S. Atty., with him on brief, Kansas City, Kansas, for plaintiff-appellee.

Before BARRETT, DOYLE and LOGAN, Circuit Judges.

PER CURIAM.

Floreal Delagarza appeals from a conviction by a jury of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841. On appeal he raises two issues: (1) whether the court erred in granting the government's motion to dismiss Count I of the indictment without dismissing Count II, and (2) whether defendant's conviction under a count referring to "cocaine, a Schedule II, narcotic drug" should be overturned because evidence at trial indicated that cocaine is not a narcotic.

A federal agent of the Drug Enforcement Administration (DEA), investigating the narcotic dealings of one Hodges, made a purchase of cocaine from Hodges. Delagarza was present and participated in the transaction. The grand jury's indictment charged Delagarza, in Count I, with conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and, in Count II, with possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841.

On the day of Delagarza's trial, but before the jury was impaneled, the govern-

ment moved to dismiss Count I of the indictment, and the court granted the motion. After the government's opening statement, Delagarza sought a dismissal of the remaining count on the ground that the dismissal of Count I was an amendment of the indictment. The court denied that motion. Delagarza contends the trial court erred in dismissing the conspiracy count because the dismissal constituted an unlawful amendment of the grand jury's indictment. We disagree.

An indictment returned by a grand jury cannot be amended. *Stirone v. United States*, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960); *Ex parte Bain*, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887). An indictment may be dismissed by the U. S. attorney prior to trial and with leave of the court, Fed.R.Crim.P. 48(a). Consent of the defendant is not necessary when, as here, withdrawal occurred before the trial is begun. *Id.* The same rule governs the dismissal of one or more counts of an indictment. *See United States v. Valencia*, 492 F.2d 1071, 1074 (9th Cir. 1974); *Thomas v. United States*, 398 F.2d 531, 537 (5th Cir. 1968). Thus, the dismissal of Count I of the indictment on the motion of the government did not amend or add to the indictment. Nor has it been shown that Delagarza was prejudiced. We find no constitutional error under these circumstances. *See United States v. Noah*, 475 F.2d 688 (9th Cir.), *cert. denied*, 414 U.S. 1095, 94 S.Ct. 728, 38 L.Ed. 553 (1973).

Count II of the indictment, on which Delagarza was convicted, charged possession with intent to distribute "a controlled substance, to wit: cocaine, a Schedule II, *narcotic drug*, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2." (Emphasis added.) During trial, the government's expert testified that "physiologically, [cocaine] is a non-narcotic" though it is legally classified as a narcotic. Delagarza contends that he should not have been convicted of possession with intent to distribute a narcotic drug when the drug was not shown to be a narcotic. We do not agree. Many courts, including this one, have upheld the classification of cocaine as a Schedule II, controlled substance in the face of arguments that it is not a narcotic. *E. g., United States v. Szycher*, 585 F.2d 443 (10th Cir. 1978). (Congress' action of classifying cocaine as a narcotic for penalty purposes is proper regardless of medical classification). Moreover, appellant has not shown that he was prejudiced by the indictment's statement of the charge. The indictment named cocaine as a controlled substance and sufficiently identified the elements of the crime to fairly inform appellant of the charge against him and enable him to avoid double jeopardy. *See Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974); *United States v. Tokoph*, 514 F.2d 597, 605–06 (10th Cir. 1975). *See also United States v. Vento*, 533 F.2d 838, 871 (3d Cir. 1976). Additionally, we note Delagarza neither requested a jury instruction concerning the words "narcotic drug" nor objected to the jury instructions given on this aspect of the case.

AFFIRMED.