21-2442-cr (L)
*United States v. Salim*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand twenty-five.

Present:

> JON O. NEWMAN,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.

MAMDOUH MAHMUD SALIM, AKA ABU HAJER AL IRAQI, AKA ABU HAJER,

> *Defendant-Appellant.*\*

21-2442-cr (L),
21-3148-cr (Con),
23-6185-cr (Con),
23-7196-cr (Con)

---

For Appellee:

STEPHEN J. RITCHIN (Olga I. Zverovich, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

---

\* The Clerk of Court is respectfully directed to amend the official caption as set forth above.

1

For Defendant-Appellant: ANDREW H. FREIFELD, Esq., New York, NY.

Appeal from five orders of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the purported appeal of the district court's May 8, 2019, order is **DISMISSED**, and the district court's February 19, 2021, September 1, 2021, February 21, 2023, and August 14, 2023, orders are **AFFIRMED**.

Defendant-Appellant Mamdouh Mahmud Salim purports to appeal from the order of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *District Judge*) entered on May 8, 2019, granting the government's motion to dismiss several indictments without prejudice pursuant to Federal Rule of Criminal Procedure 48(a), and appeals from (i) two orders entered on February 19, 2021 and September 1, 2021, denying motions to reconsider a memo endorsement by the district court entered October 30, 2020, which denied Salim's motions for "Estoppel Against Government"; and (ii) two orders entered on February 21, 2023, and August 14, 2023, by the district court, denying Salim's two petitions for a writ of error *coram nobis*.

Salim's appeal concerns now-dismissed terrorism charges against him arising from his alleged role in the August 1998 bombings of the U.S. embassies in Kenya and Tanzania. *See United States v. Salim*, 549 F.3d 67, 70 (2d Cir. 2008). Salim was charged with four counts: (1) conspiracy to kill U.S. nationals, in violation of 18 U.S.C. § 2332(b); (2) conspiracy to murder, in violation of 18 U.S.C. §§ 1114, 1116, and 1117; (3) conspiracy to destroy buildings and property of the United States, in violation of 18 U.S.C. § 844(n); and (4) conspiracy to attack U.S. national defense utilities, in violation of 18 U.S.C. §§ 2155(a) and (b). While in pre-trial detention at the Metropolitan Correctional Center in Manhattan ("MCC"), Salim assaulted a corrections officer

2

and stabbed him in the eye with a sharpened plastic comb, piercing his brain. That assault led to an indictment in a separate case. In April 2002, Salim pleaded guilty in that case to two counts: (1) conspiracy to murder a federal official while such official was engaged in, and on account of, the performance of official duties, in violation of 18 U.S.C. § 1117; and (2) attempted murder of a federal official, in violation of 18 U.S.C. § 1114. After an initial 384-month sentence was vacated, Salim was resentenced to life in prison in August 2010. All the while, the terrorism charges remained pending.

Even after Salim received the life sentence in the stabbing case, the terrorism charges sat untouched for almost nine more years. On May 8, 2019, the government moved, pursuant to Federal Rule of Criminal Procedure 48(a), for leave to file a *nolle prosequi* that would dismiss the terrorism charges against Salim without prejudice. The district court approved the *nolle prosequi* the same day (the "May 2019 Order").

About a year later, Salim began filing a stream of pleadings in the district court, which resulted in the four appeals now before us. The first appeal (No. 21-2442) is from the district court's order entered September 1, 2021 (the "September 1, 2021 Order"), denying Salim's second motion to reconsider the district court's order entered October 30, 2020. That order had denied Salim's motion for "Estoppel Against Government" and alternative relief, entered October 27, 2020.

The second appeal (No. 21-3148) is from the district court's order entered February 19, 2021 (the "February 19, 2021, Order"), denying Salim's first motion to reconsider the district court's order entered October 30, 2020, the same order for which Salim later filed his second motion for reconsideration.

3

The third appeal (No. 23-6185) is from the district court's order entered February 21, 2023 (the "February 21, 2023, Order"), denying Salim's first petition for a writ of error *coram nobis* entered January 31, 2023.

The fourth appeal (No. 23-7196) is from the district court's order entered September 19, 2023 (the "September 19, 2023, Order"), denying Salim's second petition for a writ of error *coram nobis*.

We consolidated all four appeals and now address them all and the purported appeal from the May 2021 Order in tandem. We assume the parties' familiarity with the case.

**I. May 2019 Order**

Salim first argues that the district court erred in granting the government leave to file the *nolle prosequi* and thereby dismiss the terrorism charges against him without prejudice. Specifically, he contends that he was unconstitutionally denied an opportunity to oppose the government's motion (and to seek dismissal of the charges with prejudice) and that the entry of the May 2019 Order without a decision on his then-pending motion for the appointment of a new attorney was an abuse of discretion and violated his Sixth Amendment right to counsel. The government argues that Salim's appeal from the May 2019 Order should be dismissed for several reasons, including that Salim did not specifically designate that order in any of his notices of appeal, as required by Federal Rule of Appellate Procedure 3(c)(1)(B), and that, in any event, the appeal is time-barred because he first filed a notice of appeal in this case in September 2021, more than two years after the order.

Even if we accept Salim's purported appeal of the May 2019 Order, which we do because his brief argues the merits of the appeal, we agree that the appeal is untimely—a point that Salim does not seriously contest. "In a criminal case, a defendant's notice of appeal must be filed in the

4

district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A).[1] Although this rule is not jurisdictional, *United States v. Frias*, 521 F.3d 229, 232 (2d Cir. 2008), we have recognized that it is "mandatory and inflexible" when, as in this case, "the government properly objects to the untimeliness of a defendant's criminal appeal," *id.* at 234.[2] Accordingly, because Salim's purported appeal of the May 2019 Order was filed in September 2021, more than two years after the order, it is dismissed as untimely. Furthermore, even if the purported appeal were timely, we would affirm because the purported appeal is entirely without merit.

### II. September 1, 2021, and February 19, 2021, Orders

The September 1, 2021, and February 19, 2021, Orders denied Salim's motions for reconsideration of the district court's denial of his motion for "Estoppel Against Government" and alternative relief. We review a denial of a motion for reconsideration for abuse of discretion. *See Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Judge Kaplan acted well within his discretion in denying both motions for reconsideration. Indeed, the order for which reconsiderations were sought had properly denied a meritless motion.

### III. February 21, 2023, and August 14, 2023, Orders

Salim also argues that the district court erred in denying his petitions for a writ of error *coram nobis*, largely for the same reasons that he raises with respect to the May 2019 Order. The writ "serves as a remedy of last resort, strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." *United States v.*

---

[1] Although Rule 4(a) provides that the filing of certain motions can toll the time to appeal an otherwise final order, none of Salim's motions qualify for tolling under this rule.

[2] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

*Rutigliano*, 887 F.3d 98, 108 (2d Cir. 2018). To obtain a writ, a petitioner must establish "that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Doe v. United States*, 915 F.3d 905, 910 (2d Cir. 2019). On appeal from the denial of a petition for a writ of error *coram nobis*, we review the legal standards that the district court applied *de novo* and review the district court's ultimate decision for abuse of discretion. *Id.* at 909.

The district court applied the correct legal standards and committed no abuse of discretion in denying Salim's petitions. Salim has not satisfied any component of the three-part test for obtaining *coram nobis* relief. First, there are no compelling circumstances favoring a grant of this extraordinary form of relief. As the district court noted, Salim is serving a life sentence in a different case for the commission of "heinous crimes,"[3] and he has already exhausted all appellate and collateral remedies in that case, making the prospect of his release highly unlikely. App'x 167. Moreover, Salim has not identified any "fundamental error" that would call into question the legitimacy of the district court proceeding in this case. *Rutigliano*, 887 F.3d at 108. Second, Salim has not offered any sound reason for failing to file a timely appeal of the May 2019 Order.[4] Finally,

---

[3] Indeed, the victim of Salim's assault at the MCC lost his left eye and suffered brain damage that left him partially paralyzed on his right side and "interfered with other normal functions, including his ability to speak and write." *United States v. Salim*, 690 F.3d 115, 120 (2d Cir. 2012).

[4] Salim's ineffective assistance argument is unavailing. A claim of ineffective assistance requires, *inter alia*, a defendant to "affirmatively prove prejudice," that is, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 693–94 (1984). Salim has not made this showing. Contrary to his argument, a defendant's consent to the dismissal of charges prior to trial is not required under Rule 48(a). *See, e.g.*, *United States v. Delagarza*, 650 F.2d 1166, 1167 (10th Cir. 1981); *United States v. Adams*, No. 24-CR-556, 2025 WL 978572, at *24 (S.D.N.Y. Apr. 2, 2025). We have recognized that "a petitioner cannot show prejudice if the claim or objection that an attorney failed to pursue lacks merit." *Harrington v. United States*, 689 F.3d 124, 130 (2d Cir. 2012). In any event, since the entry of the May 2019 Order, the district court has considered and rejected Salim's argument that the terrorism charges should have been dismissed with prejudice, and Salim raises no reason to conclude that the district court would have decided otherwise had he objected when the government first sought leave to file the *nolle prosequi*.

because the terrorism charges were *dismissed*, there is, of course, no conviction arising from those charges that could cause him to suffer ongoing legal consequences. The only real prejudice from dismissal without prejudice that Salim can hypothesize is that the government might someday seek to re-indict him for the same charges. Assuming that the government chooses to do so, which is highly unlikely, Salim would then be free to raise whatever arguments he deems appropriate to challenge such a prosecution. There is no basis for addressing this hypothetical here, in the context of a *coram nobis* petitions.

*    *    *

We have considered Salim's remaining arguments and find them to be unpersuasive. For the foregoing reasons, the purported appeal of the district court's May 2019 Order is **DISMISSED**, and the district court's February 19, 2021, September 1, 2021, February 21, 2023, and August 14, 2023, orders are **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk